# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

|  |  |
|---|---|
| Microtech Knives, Inc., | Civil Action No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Outdoors Online, LLC, Jon Janecek | |
| Defendants. | |

Plaintiff Microtech Knives, Inc. (hereinafter "Microtech") respectfully files this Complaint and alleges the following against Defendants Outdoors Online, LLC and Jon Janecek:

## The Parties

1.      Microtech is a corporation formed under the laws of Pennsylvania with a principal place of business at 321 Fanning Fields Road, Mills River, North Carolina, 28759.

2.      Upon information and belief, Defendant Outdoors Online, LLC is a corporation formed under the laws of Delaware with a principal place of business at 900 Old Roswell Lakes Pkwy, Suite 310, Roswell, Georgia, 30076.

3.      Upon information and belief, Defendant Jon Janecek is a resident of Texas with an address of 2529 Lakepoint Drive, Keller, Texas, 76248-8406.

## Jurisdiction

4.      This action arises under the Trademark Laws of the United States, 15 U.S.C. Section 1051, *et seq.*, with subject matter jurisdiction based on 15 U.S.C. Sections 1121 and 1125 and 28 U.S.C. Sections 1331, 1332, 1338, and 1367, as hereinafter more fully appears.

5.     Defendant Outdoors Online, LLC owns and operates the website www.Gunbroker.com.

6.     Defendant Outdoors Online, LLC intends for the website Gunbroker.com to be readily accessible to customers nationwide, including in North Carolina.

7.     Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com clones of Microtech knives bearing at least fourteen different registered trademarks owned by Microtech.

8.     Defendant Jon Janecek has sold through the website www.Gunbroker.com and delivered to Microtech clones of Microtech knives, in cloned Microtech packaging, with cloned Microtech product manuals, bearing at least twelve different registered trademarks owned by Microtech, as shown in the examples below.

 



**Clones of Microtech's Knives Sold on Gunbroker.com**

9.     Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek and others to advertise for sale on the website www.Gunbroker.com clones of Microtech knives bearing at least nineteen different registered trademarks owned by Microtech.

10.     The purposefully directed internet activities to North Carolina and sales to Microtech of infringing and counterfeit Microtech knives by Defendants Outdoors Online, LLC and Jon Janecek, as more specifically alleged below, confer this Court with personal jurisdiction over Defendants pursuant to North Carolina Gen. Stat. Ann. Section 1-75.4.

**First Cause of Action:  Infringement and Counterfeiting of MICROTECH Trademark, U.S. Registration 2,294,307**

11.     Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

12.     Microtech has continuously sold knives under the trademark MICROTECH since at least August 30, 1994.

13.     Microtech's continuous use of the trademark ⬭MICROTECH has been substantially exclusive since August 30, 1994.

14.     Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark ⬭MICROTECH.

15.     The trademark ⬭MICROTECH identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

16.     Microtech is the owner of all rights, title, and interest in the trademark ⬭MICROTECH.

17.     On August 3, 1998, Microtech filed an application to register its rights in the trademark ⬭MICROTECH with the U.S. Patent and Trademark Office.

18.     The U.S. Patent and Trademark Office examined the application to register the trademark ⬭MICROTECH and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

19.     Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 2,294,307 for the trademark ⬭MICROTECH for use with sports cutlery, namely, survival knives, hunting knives, fishing knives, executive knives, collectible knives, one-handed opening knives, folding lockback knives, fixed blade knives and multi-purpose utility knives; knife sheaths and manually operated knife sharpeners, as shown in Exhibit 1, which is incorporated herein in its entirety.

20.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 2,294,307 constitutes prima facie evidence of the validity of the trademark .

21.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 2,294,307 constitutes prima facie evidence of Microtech's ownership of the trademark.

22.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 2,294,307 constitutes prima facie evidence of Microtech's exclusive right to use the trademark in commerce in connection with goods listed in the registration.

23.     U.S. Trademark Registration Number 2,294,307 for the trademark for use with the goods listed in the registration, as shown in Exhibit 1, is incontestable pursuant to 15 U.S.C. Section 1065.

24.     Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark, as shown in the example below.

4/6/22, 2:01 PM          Marfione Custom Hera Goddess Clone Microtech Automatic Knife - Automatic Knives at GunBroker.com : 925177593

« Home  /  All  /  Knives & Swords  /  Automatic Knives




25.     The clones of Microtech knives bearing Microtech's trademark  that Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially identical in appearance to the knives that Microtech sells under Microtech's trademark MICROTECH, as shown in the example below.



26.     Defendant Jon Janecek has sold and distributed to Microtech clones of Microtech knives bearing Microtech's trademark MICROTECH.

27.     Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark MICROTECH.

28.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark MICROTECH are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

29.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark MICROTECH are likely to cause confusion or mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

30.     Microtech has not authorized Defendants to use Microtech's trademark MICROTECH.

31.     Defendants intentionally incorporated Microtech's trademark MICROTECH into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark MICROTECH.

32.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark MICROTECH constitute infringement of Microtech's trademark MICROTECH in violation of 15 U.S.C. Section 1114 and the common law.

33.     Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark MICROTECH in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark MICROTECH.

34.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark MICROTECH constitute counterfeiting of Microtech's trademark MICROTECH in violation of 15 U.S.C. Section 1114 and the common law.

7

35. Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark [MICROTECH] in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark [MICROTECH].

36. Defendants' infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark [MICROTECH].

37. Defendants' infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

38. Microtech will continue to be damaged as a direct and proximate result of Defendants' infringement and counterfeiting as described above unless and until Defendants are enjoined from further depiction of the trademark [MICROTECH] in connection with knives.

**Second Cause of Action:  Infringement and Counterfeiting of MICROTECH Trademark, U.S. Registration 5,643,678**

39. Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

40. Microtech has continuously sold knives under the trademark MICROTECH since at least December 30, 1994.

41. Microtech's continuous use of the trademark MICROTECH has been substantially exclusive since December 30, 1994.

42.     Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark MICROTECH.

43.     The trademark MICROTECH identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

44.     Microtech is the owner of all rights, title, and interest in the trademark MICROTECH.

45.     On August 13, 2018, Microtech filed an application to register its rights in the trademark MICROTECH with the U.S. Patent and Trademark Office.

46.     The U.S. Patent and Trademark Office examined the application to register the trademark MICROTECH and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

47.     Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 5,643,678 for the trademark MICROTECH for use with diving knives; fixed blade knives; folding knives; hunting knives; pocket knives; side arms, not including firearms, namely hunting knives; utility knives; and working knives, as shown in Exhibit 2, which is incorporated herein in its entirety.

48.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,643,678 constitutes prima facie evidence of the validity of the trademark MICROTECH.

49.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,643,678 constitutes prima facie evidence of Microtech's ownership of the trademark MICROTECH.

50.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,643,678

constitutes prima facie evidence of Microtech's exclusive right to use the trademark

MICROTECH in commerce in connection with goods listed in the registration.

51.     Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com

clones of Microtech knives bearing the trademark MICROTECH, as shown in the example

below.

3/7/23, 4:45 PM          Microtech Combat Troodon Clone OTF Automatic Knife Black Serrated Dagger - Automatic Knives at GunBroker.com : 973720221

**« Home** / All / Knives & Swords / Automatic Knives



52.     The clones of Microtech knives bearing Microtech's trademark MICROTECH

that Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are

substantially identical in appearance to the knives that Microtech sells under Microtech's

trademark MICROTECH, as shown in the example below.



53.     Defendant Jon Janecek has sold and distributed to Microtech clones of Microtech knives bearing Microtech's trademark MICROTECH.

54.     Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark MICROTECH.

55.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark MICROTECH are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

56.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark MICROTECH are likely to cause confusion or mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

57.     Microtech has not authorized Defendants to use Microtech's trademark MICROTECH.

58.     Defendants intentionally incorporated Microtech's trademark MICROTECH into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark MICROTECH.

59.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark MICROTECH constitute infringement of Microtech's trademark MICROTECH in violation of 15 U.S.C. Section 1114 and the common law.

60.     Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark MICROTECH in violation of 15 U.S.C. Section 1114 and the common law by

knowingly allowing Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark MICROTECH.

61.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark MICROTECH constitute counterfeiting of Microtech's trademark MICROTECH in violation of 15 U.S.C. Section 1114 and the common law.

62.     Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark MICROTECH in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark MICROTECH.

63.     Defendants' infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark MICROTECH.

64.     Defendants' infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

65.     Microtech will continue to be damaged as a direct and proximate result of Defendants' infringement and counterfeiting as described above unless and until Defendants are enjoined from further depiction of the trademark MICROTECH in connection with knives.

**Third Cause of Action:  Infringement and Counterfeiting of ULTRATECH Trademark, U.S. Registration 3,660,966**

66.     Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

67. Microtech has continuously sold knives under the trademark ULTRATECH since at least December 31, 2000.

68. Microtech's continuous use of the trademark ULTRATECH has been substantially exclusive since December 31, 2000.

69. Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark ULTRATECH.

70. The trademark ULTRATECH identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

71. Microtech is the owner of all rights, title, and interest in the trademark ULTRATECH.

72. On June 19, 2006, Microtech filed an application to register its rights in the trademark ULTRATECH with the U.S. Patent and Trademark Office.

73. The U.S. Patent and Trademark Office examined the application to register the trademark ULTRATECH and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

74. Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 3,660,966 for the trademark ULTRATECH for use with hand knives, military knives, survival knives, and side arms, namely, hand knives, as shown in Exhibit 3, which is incorporated herein in its entirety.

75. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 3,660,966 constitutes prima facie evidence of the validity of the trademark ULTRATECH.

76.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 3,660,966 constitutes prima facie evidence of Microtech's ownership of the trademark ULTRATECH.

77.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 3,660,966 constitutes prima facie evidence of Microtech's exclusive right to use the trademark ULTRATECH in commerce in connection with goods listed in the registration.

78.     U.S. Trademark Registration Number 3,660,966 for the trademark ULTRATECH for use with the goods listed in the registration, as shown in Exhibit 3, is incontestable pursuant to 15 U.S.C. Section 1065.

79.     Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark ULTRATECH, as shown in the examples below.

**ultratech clone For Sale – Buy ultratech clone Online**                                        More ✚

Results for ultratech clone                                                                       Sort By ✚
⊙ Save this Search | 3 Items Found

| ⊞ Details | ⊞ Compact |                                                              Filters ▼

Microtech Ultratech Zombie Clone Hellhound Switchblade OTF Automatic Knife

Price
**$54.95**
Qty: 6  Item #:961234100
📦 $7.95 Shipping
jon-tex  A+(2025)

Microtech Apocalyptic Bounty Hunter Clone Troodon Ultratech Switchblade OTF

Price
**$59.95**
Qty: 1  Item #:974592086
📦 $7.95 Shipping
jon-tex  A+(2025)

4/6/22, 2:16 PM          Microtech UTX-85 D/E Hellhound Ultratech Clone Switchblade OTF UTX85 - Automatic Knives at GunBroker.com : 929247287

**« Home** / All / Knives & Swords / Automatic Knives

 

80.     The clones of Microtech knives bearing Microtech's trademark ULTRATECH that Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially identical in appearance to the knives that Microtech sells under Microtech's trademark ULTRATECH, as shown in the example below.

 

81.     Defendant Jon Janecek has sold and distributed to Microtech clones of Microtech knives bearing Microtech's trademark ULTRATECH.

82.     Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark ULTRATECH.

83.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark ULTRATECH are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

84.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark ULTRATECH are likely to cause confusion or mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

85.     Microtech has not authorized Defendants to use Microtech's trademark ULTRATECH.

86.     Defendants intentionally incorporated Microtech's trademark ULTRATECH into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark ULTRATECH.

87.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark ULTRATECH constitute infringement of Microtech's trademark ULTRATECH in violation of 15 U.S.C. Section 1114 and the common law.

88.     Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark ULTRATECH in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark ULTRATECH.

89.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark ULTRATECH constitute counterfeiting of Microtech's trademark ULTRATECH in violation of 15 U.S.C. Section 1114 and the common law.

90.     Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark ULTRATECH in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark ULTRATECH.

91.     Defendants' infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark ULTRATECH.

92.     Defendants' infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

93.     Microtech will continue to be damaged as a direct and proximate result of Defendants' infringement and counterfeiting as described above unless and until Defendants are enjoined from further depiction of the trademark ULTRATECH in connection with knives.

**Fourth Cause of Action:  Infringement and Counterfeiting of DIRAC Trademark, U.S. Registration 5,762,603**

94.     Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

95.     Microtech has continuously sold knives under the trademark DIRAC since at least October 10, 2018.

96. Microtech's continuous use of the trademark DIRAC has been substantially exclusive since October 10, 2018.

97. Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark DIRAC.

98. The trademark DIRAC identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

99. Microtech is the owner of all rights, title, and interest in the trademark DIRAC.

100. On October 16, 2018, Microtech filed an application to register its rights in the trademark DIRAC with the U.S. Patent and Trademark Office.

101. The U.S. Patent and Trademark Office examined the application to register the trademark DIRAC and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

102. Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 5,762,603 for the trademark DIRAC for use with sport knives, as shown in Exhibit 4, which is incorporated herein in its entirety.

103. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,762,603 constitutes prima facie evidence of the validity of the trademark DIRAC.

104. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,762,603 constitutes prima facie evidence of Microtech's ownership of the trademark DIRAC.

105. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,762,603 constitutes prima facie evidence of Microtech's exclusive right to use the trademark DIRAC in commerce in connection with goods listed in the registration.

106.     Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com

clones of Microtech knives bearing Microtech's trademark DIRAC, as shown in the example

below.



3/7/23, 6:44 PM          Microtech Mini Dirac Clone OTF Automatic Knife CA Legal Black - Automatic Knives at GunBroker.com : 961233952

« Home  /  All  /  Knives & Swords  /  Automatic Knives

107.     The clones of Microtech knives bearing Microtech's trademark DIRAC that

Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially

identical in appearance to the knives that Microtech sells under Microtech's trademark DIRAC,

as shown in the example below.



108. Defendant Jon Janecek has sold and distributed to Microtech a clone of a Microtech knife bearing Microtech's trademark DIRAC.

109. Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark DIRAC.

110. Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark DIRAC are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

111. Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark DIRAC are likely to cause confusion or mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

112. Microtech has not authorized Defendants to use Microtech's trademark DIRAC.

113. Defendants intentionally incorporated Microtech's trademark DIRAC into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark DIRAC.

114. Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark DIRAC constitute infringement of Microtech's trademark DIRAC in violation of 15 U.S.C. Section 1114 and the common law.

115. Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark DIRAC in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark DIRAC.

116. Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark DIRAC constitute counterfeiting of Microtech's trademark DIRAC in violation of 15 U.S.C. Section 1114 and the common law.

117. Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark DIRAC in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark DIRAC.

118. Defendants' infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark DIRAC.

119. Defendants' infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

120. Microtech will continue to be damaged as a direct and proximate result of Defendants' infringement and counterfeiting as described above unless and until Defendants are enjoined from further depiction of the trademark DIRAC in connection with knives.

### Fifth Cause of Action: Infringement and Counterfeiting of TROODON Trademark, U.S. Registration 3,345,823

121. Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

122. Microtech has continuously sold knives under the trademark TROODON since at least March 1, 2006.

123.     Microtech's continuous use of the trademark TROODON has been substantially exclusive since March 1, 2006.

124.     Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark TROODON.

125.     The trademark TROODON identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

126.     Microtech is the owner of all rights, title, and interest in the trademark TROODON.

127.     On March 9, 2006, Microtech filed an application to register its rights in the trademark TROODON with the U.S. Patent and Trademark Office.

128.     The U.S. Patent and Trademark Office examined the application to register the trademark TROODON and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

129.     Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 3,345,823 for the trademark TROODON for use with military knives, survival knives, knives, and hand knives, as shown in Exhibit 5, which is incorporated herein in its entirety.

130.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 3,345,823 constitutes prima facie evidence of the validity of the trademark TROODON.

131.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 3,345,823 constitutes prima facie evidence of Microtech's ownership of the trademark TROODON.

132.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 3,345,823 constitutes prima facie evidence of Microtech's exclusive right to use the trademark TROODON in commerce in connection with goods listed in the registration.

133.     U.S. Trademark Registration Number 3,345,823 for the trademark TROODON for use with the goods listed in the registration, as shown in Exhibit 5, is incontestable pursuant to 15 U.S.C. Section 1065.

134.     Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark TROODON, as shown in the example below.

3/7/23, 4:45 PM          Microtech Combat Troodon Clone OTF Automatic Knife Black Serrated Dagger - Automatic Knives at GunBroker.com : 973720221

« Home  /  All  /  Knives & Swords  /  Automatic Knives



135.     The clones of Microtech knives bearing Microtech's trademark TROODON that Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially identical in appearance to the knives that Microtech sells under Microtech's trademark TROODON, as shown in the example below.



136.     Defendant Jon Janecek has sold and distributed to Microtech clones of Microtech knives bearing Microtech's trademark TROODON.

137.     Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark TROODON.

138.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark TROODON are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

139.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark TROODON are likely to cause confusion or mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

140.     Microtech has not authorized Defendants to use Microtech's trademark TROODON.

141.     Defendants intentionally incorporated Microtech's trademark TROODON into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark TROODON.

142.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark TROODON constitute infringement of Microtech's trademark TROODON in violation of 15 U.S.C. Section 1114 and the common law.

143.     Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark TROODON in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark TROODON.

144.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark TROODON constitute counterfeiting of Microtech's trademark TROODON in violation of 15 U.S.C. Section 1114 and the common law.

145.     Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark TROODON in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark TROODON.

146.     Defendants' infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark TROODON.

147.     Defendants' infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

148.    Microtech will continue to be damaged as a direct and proximate result of Defendants' infringement and counterfeiting as described above unless and until Defendants are enjoined from further depiction of the trademark TROODON in connection with knives.

### Sixth Cause of Action:  Infringement and Counterfeiting of APOCALYPTIC Trademark, U.S. Registration 5,997,192

149.    Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

150.    Microtech has continuously sold knives under the trademark APOCALYPTIC since at least April 11, 2014.

151.    Microtech's continuous use of the trademark APOCALYPTIC has been substantially exclusive since April 11, 2014.

152.    Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark APOCALYPTIC.

153.    The trademark APOCALYPTIC identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

154.    Microtech is the owner of all rights, title, and interest in the trademark APOCALYPTIC.

155.    On August 21, 2019, Microtech filed an application to register its rights in the trademark APOCALYPTIC with the U.S. Patent and Trademark Office.

156.    The U.S. Patent and Trademark Office examined the application to register the trademark APOCALYPTIC and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

157.    Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 5,997,192 for the trademark APOCALYPTIC for use with pocket knives, as shown in Exhibit 6, which is incorporated herein in its entirety.

158.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,997,192 constitutes prima facie evidence of the validity of the trademark APOCALYPTIC.

159.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,997,192 constitutes prima facie evidence of Microtech's ownership of the trademark APOCALYPTIC.

160.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,997,192 constitutes prima facie evidence of Microtech's exclusive right to use the trademark APOCALYPTIC in commerce in connection with goods listed in the registration.

161.    Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark APOCALYPTIC, as shown in the example below.

3/7/23, 9:00 AM        Microtech Apocalyptic Bounty Hunter Clone Troodon Ultratech Switchblade OTF - Automatic Knives at GunBroker.com : 974592086
« Home  /  All  /  Knives & Swords  /  Automatic Knives

162.     The clones of Microtech knives bearing Microtech's trademark APOCALYPTIC that Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially identical in appearance to the knives that Microtech sells under Microtech's trademark APOCALYPTIC, as shown in the example below.



163.     Defendant Jon Janecek sells and distributes clones of Microtech knives bearing Microtech's trademark APOCALYPTIC.

164.     Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark APOCALYPTIC.

165.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark APOCALYPTIC are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

166.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark APOCALYPTIC are likely to cause confusion or mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

167.     Microtech has not authorized Defendants to use Microtech's trademark APOCALYPTIC.

168.     Defendants intentionally incorporated Microtech's trademark APOCALYPTIC into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark APOCALYPTIC.

169.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark APOCALYPTIC constitute infringement of Microtech's trademark APOCALYPTIC in violation of 15 U.S.C. Section 1114 and the common law.

170.     Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark APOCALYPTIC in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark APOCALYPTIC.

171.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark APOCALYPTIC constitute counterfeiting of Microtech's trademark APOCALYPTIC in violation of 15 U.S.C. Section 1114 and the common law.

172.     Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark APOCALYPTIC in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark APOCALYPTIC.

173.     Defendants' infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark APOCALYPTIC.

174.     Defendants' infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

175.     Microtech will continue to be damaged as a direct and proximate result of Defendants' infringement and counterfeiting as described above unless and until Defendants are enjoined from further depiction of the trademark APOCALYPTIC in connection with knives.

**Seventh Cause of Action:  Infringement and Counterfeiting of HELLHOUND Trademark,**
**U.S. Registration 5,997,193**

176.     Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

177.     Microtech has continuously sold knives under the trademark HELLHOUND since at least December 9, 2016.

178.     Microtech's continuous use of the trademark HELLHOUND has been substantially exclusive since December 9, 2016.

179.     Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark HELLHOUND.

180.     The trademark HELLHOUND identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

181.     Microtech is the owner of all rights, title, and interest in the trademark HELLHOUND.

182.     On August 21, 2019, Microtech filed an application to register its rights in the trademark HELLHOUND with the U.S. Patent and Trademark Office.

30

183. The U.S. Patent and Trademark Office examined the application to register the trademark HELLHOUND and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

184. Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 5,997,193 for the trademark HELLHOUND for use with pocket knives, as shown in Exhibit 7, which is incorporated herein in its entirety.

185. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,997,193 constitutes prima facie evidence of the validity of the trademark HELLHOUND.

186. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,997,193 constitutes prima facie evidence of Microtech's ownership of the trademark HELLHOUND.

187. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,997,193 constitutes prima facie evidence of Microtech's exclusive right to use the trademark HELLHOUND in commerce in connection with goods listed in the registration.

188. Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark HELLHOUND, as shown in the example below.

4/6/22, 2:16 PM          Microtech UTX-85 D/E Hellhound Ultratech Clone Switchblade OTF UTX85 - Automatic Knives at GunBroker.com : 929247287
« Home  /  All  /  Knives & Swords  /  Automatic Knives



189.     The clones of Microtech knives bearing Microtech's trademark HELLHOUND that Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially identical in appearance to the knives that Microtech sells under Microtech's trademark HELLHOUND, as shown in the example below.



190.     Defendant Jon Janecek has sold and distributed to Microtech a clone of a Microtech knife bearing Microtech's trademark HELLHOUND.

191.     Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark HELLHOUND.

192.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark HELLHOUND are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

193.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark HELLHOUND are likely to cause confusion or mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

194.     Microtech has not authorized Defendants to use Microtech's trademark HELLHOUND.

195.    Defendants intentionally incorporated Microtech's trademark HELLHOUND into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark HELLHOUND.

196.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark HELLHOUND constitute infringement of Microtech's trademark HELLHOUND in violation of 15 U.S.C. Section 1114 and the common law.

197.    Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark HELLHOUND in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark HELLHOUND.

198.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark HELLHOUND constitute counterfeiting of Microtech's trademark HELLHOUND in violation of 15 U.S.C. Section 1114 and the common law.

199.    Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark HELLHOUND in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark HELLHOUND.

200.    Defendants' infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark HELLHOUND.

201. Defendants' infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

202. Microtech will continue to be damaged as a direct and proximate result of Defendants' infringement and counterfeiting as described above unless and until Defendants are enjoined from further depiction of the trademark HELLHOUND in connection with knives.

**Eighth Cause of Action: Infringement and Counterfeiting of Trademark, U.S. Registration 5,995,546**

203. Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

204. Microtech has continuously sold knives under the trademark since at least June 7, 2019.

205. Microtech's continuous use of the trademark has been substantially exclusive since June 7, 2019.

206. Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark .

207. The trademark identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

208.    Microtech is the owner of all rights, title, and interest in the trademark .

209.    On July 30, 2019, Microtech filed an application to register its rights in the

trademark ⬛ with the U.S. Patent and Trademark Office.

210.    The U.S. Patent and Trademark Office examined the application to register the

trademark ⬛ and determined that the trademark met all of the statutory requirements for

registration on the Principal Register as a distinctive identifier of the source of knives provided

under the trademark.

211.    Microtech is the owner of all rights, title, and interest in U.S. Trademark

Registration 5,995,546 for the trademark ⬛ for use with fixed blade knives and folding

knives, as shown in Exhibit 8, which is incorporated herein in its entirety.

212.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,995,546

constitutes prima facie evidence of the validity of the trademark ⬛.

213.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,995,546

constitutes prima facie evidence of Microtech's ownership of the trademark ⬛.

214.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,995,546

constitutes prima facie evidence of Microtech's exclusive right to use the trademark ⬛

in commerce in connection with goods listed in the registration.

215.   Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com

clones of Microtech knives bearing Microtech's trademark , as shown in the example

below.



Microtech Combat Troodon Clone OTF Automatic Knife Satin Serrated Dagger

jon-tex  A+(2025)

216.   The clones of Microtech knives bearing Microtech's trademark  that

Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially

identical in appearance to the knives that Microtech sells under Microtech's trademark

, as shown in the example below.



217.    Defendant Jon Janecek has sold and distributed to Microtech clones of Microtech

knives bearing Microtech's trademark .

218.    Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek and

others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives

bearing Microtech's trademark .

219.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of

Microtech knives bearing Microtech's trademark are likely to cause confusion or

mistake among consumers as to the source or origin of the cloned knives.

220.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of

Microtech knives bearing Microtech's trademark are likely to cause confusion or

mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

221.    Microtech has not authorized Defendants to use Microtech's trademark

.

222.    Defendants intentionally incorporated Microtech's trademark into the

website www.Gunbroker.com to benefit from the excellent reputation Microtech has established

as a quality provider of knives under Microtech's trademark .

223.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark constitute infringement of Microtech's trademark in violation of 15 U.S.C. Section 1114 and the common law.

224.    Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark .

225.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark constitute counterfeiting of Microtech's trademark in violation of 15 U.S.C. Section 1114 and the common law.

226.    Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark .

227.    Defendants' infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark .

228.    Defendants' infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to

Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

229.    Microtech will continue to be damaged as a direct and proximate result of Defendants' infringement and counterfeiting as described above unless and until Defendants are enjoined from further depiction of the trademark in connection with knives.

**Ninth Cause of Action:  Infringement and Counterfeiting of L.U.D.T. Trademark, U.S. Registration 6,214,366**

230.    Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

231.    Microtech has continuously sold knives under the trademark L.U.D.T. since at least June 30, 1995.

232.    Microtech's continuous use of the trademark L.U.D.T. has been substantially exclusive since June 30, 1995.

233.    Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark L.U.D.T.

234.    The trademark L.U.D.T. identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

235.    Microtech is the owner of all rights, title, and interest in the trademark L.U.D.T.

236.    On October 23, 2019, Microtech filed an application to register its rights in the trademark L.U.D.T. with the U.S. Patent and Trademark Office.

237.    The U.S. Patent and Trademark Office examined the application to register the trademark L.U.D.T. and determined that the trademark met all of the statutory requirements for

registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

238. Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 6,214,366 for the trademark L.U.D.T. for use with folding knives, as shown in Exhibit 9, which is incorporated herein in its entirety.

239. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 6,214,366 constitutes prima facie evidence of the validity of the trademark L.U.D.T.

240. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 6,214,366 constitutes prima facie evidence of Microtech's ownership of the trademark L.U.D.T.

241. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 6,214,366 constitutes prima facie evidence of Microtech's exclusive right to use the trademark L.U.D.T. in commerce in connection with goods listed in the registration.

242. Defendant Outdoors Online, LLC knowingly allows other companies to advertise for sale on the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark L.U.D.T., as shown in the example below.



Microtech LUDT Folding Knife D2 Clone

243. The clones of Microtech knives bearing Microtech's trademark L.U.D.T. that are advertised for sale on the website www.Gunbroker.com are substantially identical in appearance to the knives that Microtech sells under Microtech's trademark L.U.D.T., as shown in the example below.



244. The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark L.U.D.T. are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

245. The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark L.U.D.T. are likely to cause confusion or mistake among consumers as to an affiliation between the seller and Microtech.

246. Microtech has not authorized Defendant Outdoors Online, LLC to use Microtech's trademark L.U.D.T.

247. Defendant Outdoors Online, LLC intentionally incorporated Microtech's trademark L.U.D.T. into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark L.U.D.T.

248.     The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark L.U.D.T. constitute infringement of Microtech's trademark L.U.D.T. in violation of 15 U.S.C. Section 1114 and the common law.

249.     Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark L.U.D.T. in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing other companies to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark L.U.D.T.

250.     The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark L.U.D.T. constitute counterfeiting of Microtech's trademark L.U.D.T. in violation of 15 U.S.C. Section 1114 and the common law.

251.     Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark L.U.D.T. in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing other companies to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark L.U.D.T.

252.     Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark L.U.D.T.

253.     Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

254. Microtech will continue to be damaged as a direct and proximate result of Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above unless and until Defendant Outdoors Online, LLC is enjoined from further depiction of the trademark L.U.D.T. in connection with knives.

**Tenth Cause of Action:  Infringement and Counterfeiting of UTX-85 Trademark, U.S. Registration 6,406,260**

255. Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

256. Microtech has continuously sold knives under the trademark UTX-85 since at least December 31, 2015.

257. Microtech's continuous use of the trademark UTX-85 has been substantially exclusive since December 31, 2015.

258. Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark UTX-85.

259. The trademark UTX-85 identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

260. Microtech is the owner of all rights, title, and interest in the trademark UTX-85.

261. On October 23, 2019, Microtech filed an application to register its rights in the trademark UTX-85 with the U.S. Patent and Trademark Office.

262. The U.S. Patent and Trademark Office examined the application to register the trademark UTX-85 and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

263. Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 6,406,260 for the trademark UTX-85 for use with pocket knives, as shown in Exhibit 10, which is incorporated herein in its entirety.

264. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 6,406,260 constitutes prima facie evidence of the validity of the trademark UTX-85.

265. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 6,406,260 constitutes prima facie evidence of Microtech's ownership of the trademark UTX-85.

266. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 6,406,260 constitutes prima facie evidence of Microtech's exclusive right to use the trademark UTX-85 in commerce in connection with goods listed in the registration.

267. Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark UTX-85, as shown in the example below.



4/6/22, 2:16 PM          Microtech UTX-85 D/E Hellhound Ultratech Clone Switchblade OTF UTX85 - Automatic Knives at GunBroker.com : 929247287

Microtech UTX-85 D/E Hellhound Ultratech Clone Switchblade OTF UTX85

jon-tex  A+(1820)

268.    The clones of Microtech knives bearing Microtech's trademark UTX-85 that Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially identical in appearance to the knives that Microtech sells under Microtech's trademark UTX-85, as shown in the example below.



269.    Defendant Jon Janecek has sold and distributed to Microtech a clone of a Microtech knife bearing Microtech's trademark UTX-85.

270.    Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark UTX-85.

271.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark UTX-85 are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

272.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark UTX-85 are likely to cause confusion or mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

273.    Microtech has not authorized Defendants to use Microtech's trademark UTX-85.

274. Defendants intentionally incorporated Microtech's trademark UTX-85 into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark UTX-85.

275. Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark UTX-85 constitute infringement of Microtech's trademark UTX-85 in violation of 15 U.S.C. Section 1114 and the common law.

276. Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark UTX-85 in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark UTX-85.

277. Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark UTX-85 constitute counterfeiting of Microtech's trademark UTX-85 in violation of 15 U.S.C. Section 1114 and the common law.

278. Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark UTX-85 in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark UTX-85.

279. Defendants' infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark UTX-85.

280. Defendants' infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue

from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

281.    Microtech will continue to be damaged as a direct and proximate result of Defendants' infringement and counterfeiting as described above unless and until Defendants are enjoined from further depiction of the trademark UTX-85 in connection with knives.

## Eleventh Cause of Action:  Infringement and Counterfeiting of HERA Trademark, U.S. Registration 6,557,898

282.    Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

283.    Microtech has continuously sold knives under the trademark HERA since at least February 29, 2020.

284.    Microtech's continuous use of the trademark HERA has been substantially exclusive since February 29, 2020.

285.    Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark HERA.

286.    The trademark HERA identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

287.    Microtech is the owner of all rights, title, and interest in the trademark HERA.

288.    On May 5, 2020, Microtech filed an application to register its rights in the trademark HERA with the U.S. Patent and Trademark Office.

289.    The U.S. Patent and Trademark Office examined the application to register the trademark HERA and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

290.     Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 6,557,898 for the trademark HERA for use with pocket knives, as shown in Exhibit 11, which is incorporated herein in its entirety.

291.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 6,557,898 constitutes prima facie evidence of the validity of the trademark HERA.

292.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 6,557,898 constitutes prima facie evidence of Microtech's ownership of the trademark HERA.

293.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 6,557,898 constitutes prima facie evidence of Microtech's exclusive right to use the trademark HERA in commerce in connection with goods listed in the registration.

294.     Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark HERA, as shown in the example below.



295.     The clones of Microtech knives bearing Microtech's trademark HERA that Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially identical in appearance to the knives that Microtech sells under Microtech's trademark HERA, as shown in the example below.



296.     Defendant Jon Janecek sells and distributes clones of Microtech knives bearing Microtech's trademark HERA.

297.     Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark HERA.

298.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark HERA are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

299.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark HERA are likely to cause confusion or mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

300.    Microtech has not authorized Defendants to use Microtech's trademark HERA.

301.    Defendants intentionally incorporated Microtech's trademark HERA into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark HERA.

302.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark HERA constitute infringement of Microtech's trademark HERA in violation of 15 U.S.C. Section 1114 and the common law.

303.    Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark HERA in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark HERA.

304.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark HERA constitute counterfeiting of Microtech's trademark HERA in violation of 15 U.S.C. Section 1114 and the common law.

305.    Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark HERA in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark HERA.

306.    Defendants' infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark HERA.

307.    Defendants' infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue

Case 1:23-cv-00082   Document 1   Filed 03/22/23   Page 50 of 99

from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

308. Microtech will continue to be damaged as a direct and proximate result of Defendants' infringement and counterfeiting as described above unless and until Defendants are enjoined from further depiction of the trademark HERA in connection with knives.

## Twelfth Cause of Action: Infringement and Counterfeiting of HALO Trademark, U.S. Registration 5,578,450

309. Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

310. Microtech has continuously sold knives under the trademark HALO since at least November 10, 1995.

311. Microtech's continuous use of the trademark HALO has been substantially exclusive since November 10, 1995.

312. Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark HALO.

313. The trademark HALO identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

314. Microtech is the owner of all rights, title, and interest in the trademark HALO.

315. On September 19, 2017, Microtech filed an application to register its rights in the trademark HALO with the U.S. Patent and Trademark Office.

316. The U.S. Patent and Trademark Office examined the application to register the trademark HALO and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

317.    Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 5,578,450 for the trademark HALO for use with fixed blade knives, folding knives, pocket knives, and side arms, not including firearms, namely hunting knives, as shown in Exhibit 12, which is incorporated herein in its entirety.

318.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,578,450 constitutes prima facie evidence of the validity of the trademark HALO.

319.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,578,450 constitutes prima facie evidence of Microtech's ownership of the trademark HALO.

320.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,578,450 constitutes prima facie evidence of Microtech's exclusive right to use the trademark HALO in commerce in connection with goods listed in the registration.

321.    Defendant Outdoors Online, LLC knowingly allows other companies to advertise for sale on the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark HALO, as shown in the examples below.

4/6/22, 11:55 AM                    Microtech - Mini Halo Tail Jumpers Clone - Automatic Knives at GunBroker.com : 924569789

« Home  /  All  /  Knives & Swords  /  Automatic Knives

 

4/6/22, 12:10 PM          MICROTECH Retractable Knife with Square Head and Black Blade Clone - Automatic Knives at GunBroker.com : 924190578

« Home  /  All  /  Knives & Swords  /  Automatic Knives



322.     The clones of Microtech knives bearing Microtech's trademark HALO that are

advertised for sale on the website www.Gunbroker.com are substantially identical in appearance

to the knives that Microtech sells under Microtech's trademark HALO, as shown in the example

below.



323.    The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark HALO are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

324.    The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark HALO are likely to cause confusion or mistake among consumers as to an affiliation between the seller and Microtech.

325.    Microtech has not authorized Defendant Outdoors Online, LLC to use Microtech's trademark HALO.

326.    Defendant Outdoors Online, LLC intentionally incorporated Microtech's trademark HALO into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark HALO.

327.    The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark HALO constitute infringement of Microtech's trademark HALO in violation of 15 U.S.C. Section 1114 and the common law.

328.     Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark HALO in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing other companies to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark HALO.

329.     The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark HALO constitute counterfeiting of Microtech's trademark HALO in violation of 15 U.S.C. Section 1114 and the common law.

330.     Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark HALO in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing other companies to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark HALO.

331.     Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark HALO.

332.     Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

333.     Microtech will continue to be damaged as a direct and proximate result of Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above unless and until Defendant Outdoors Online, LLC is enjoined from further depiction of the trademark HALO in connection with knives.

**Thirteenth Cause of Action: Infringement and Counterfeiting of  Trademark, U.S. Registration 5,389,520**

334. Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

335. Microtech has continuously sold knives under the trademark  since at least October 18, 2015.

336. Microtech's continuous use of the trademark  has been substantially exclusive since October 18, 2015.

337. Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark .

338. The trademark  identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

339. Microtech is the owner of all rights, title, and interest in the trademark .

340. On December 20, 2016, Microtech filed an application to register its rights in the trademark  with the U.S. Patent and Trademark Office.

341.    The U.S. Patent and Trademark Office examined the application to register the

trademark ⊕ and determined that the trademark met all of the statutory requirements for

registration on the Principal Register as a distinctive identifier of the source of knives provided

under the trademark.

342.    Microtech is the owner of all rights, title, and interest in U.S. Trademark

Registration 5,389,520 for the trademark ⊕ for use with diving knives, fixed blade knives,

folding knives, hunting knives, pocket knives, side arms, not including firearms, namely, hunting

knives, and sport knives, as shown in Exhibit 13, which is incorporated herein in its entirety.

343.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,389,520

constitutes prima facie evidence of the validity of the trademark ⊕ .

344.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,389,520

constitutes prima facie evidence of Microtech's ownership of the trademark ⊕ .

345.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,389,520

constitutes prima facie evidence of Microtech's exclusive right to use the trademark ⊕ in

commerce in connection with goods listed in the registration.

346.    U.S. Trademark Registration Number 5,389,520 for the trademark ⊕ for use

with the goods listed in the registration, as shown in Exhibit 13, is incontestable pursuant to 15

U.S.C. Section 1065.

347. Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com

clones of Microtech knives bearing Microtech's trademark , as shown in the example below.



348. The clones of Microtech knives bearing Microtech's trademark that

Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially

identical in appearance to the knives that Microtech sells under Microtech's trademark , as shown in the example below.



349.    Defendant Jon Janecek has sold and distributed to Microtech a clone of a Microtech knife bearing Microtech's trademark .

350.    Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark .

351.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark  are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

352.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark are likely to cause confusion or mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

353.     Microtech has not authorized Defendants to use Microtech's trademark  .

354.     Defendants intentionally incorporated Microtech's trademark  into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark  .

355.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark  constitute infringement of Microtech's trademark  in violation of 15 U.S.C. Section 1114 and the common law.

356.     Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark  in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark  .

357.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark  constitute counterfeiting of Microtech's trademark  in violation of 15 U.S.C. Section 1114 and the common law.

358.     Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's

trademark  in violation of 15 U.S.C. Section 1114 and the common law by knowingly

allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com

clones of Microtech knives bearing Microtech's trademark  .

359.     Defendants' infringement and counterfeiting as described above were intentional

and with knowledge of Microtech's ownership of the trademark  .

360.     Defendants' infringement and counterfeiting as described above have directly and

proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to

Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue

from Microtech, and confusing members of the public as to an affiliation between Microtech and

Defendants.

361.     Microtech will continue to be damaged as a direct and proximate result of

Defendants' infringement and counterfeiting as described above unless and until Defendants are

enjoined from further depiction of the trademark in connection with knives.

**Fourteenth Cause of Action:  Infringement and Counterfeiting of          Trademark, U.S.**
**Registration 5,208,790**

362.     Microtech incorporates by reference the preceding allegations as if repeated here

verbatim.

363. Microtech has continuously sold knives under the trademark ⟋ since at least June 6, 2000.

364. Microtech's continuous use of the trademark ⟋ has been substantially exclusive since June 6, 2000.

365. Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark ⟋ .

366. The trademark ⟋ identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

367. Microtech is the owner of all rights, title, and interest in the trademark ⟋ .

368. On October 10, 2016, Microtech filed an application to register its rights in the trademark ⟋ with the U.S. Patent and Trademark Office.

369. The U.S. Patent and Trademark Office examined the application to register the trademark ⟋ and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

370. Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 5,208,790 for the trademark ⟋ for use with knives, carving knives, diving

knives, fishing knives, folding knives, hunting knives, kitchen knives, pen knives, pocket knives, side arms, not including firearms, namely, hunting knives, sport knives, and working knives, as shown in Exhibit 14, which is incorporated herein in its entirety.

371.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,208,790

constitutes prima facie evidence of the validity of the trademark             .

372.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,208,790

constitutes prima facie evidence of Microtech's ownership of the trademark             .

373.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,208,790

constitutes prima facie evidence of Microtech's exclusive right to use the trademark             in

commerce in connection with goods listed in the registration.

374.    U.S. Trademark Registration Number 5,208,790 for the trademark             for

use with the goods listed in the registration, as shown in Exhibit 14, is incontestable pursuant to

15 U.S.C. Section 1065.

375.    Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com

clones of Microtech knives bearing Microtech's trademark             , as shown in the example

below.

« Home  /  All  /  Knives & Swords  /  Automatic Knives



376.    The clones of Microtech knives bearing Microtech's trademark ✑      that

Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially

identical in appearance to the knives that Microtech sells under Microtech's trademark ,

as shown in the example below.

 

377. Defendant Jon Janecek has sold and distributed to Microtech a clone of a

Microtech knife bearing Microtech's trademark            .

378. Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek and

others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives

bearing Microtech's trademark            .

379. Defendant Jon Janecek's advertisements, sales, and distribution of clones of

Microtech knives bearing Microtech's trademark            are likely to cause confusion or

mistake among consumers as to the source or origin of the cloned knives.

380. Defendant Jon Janecek's advertisements, sales, and distribution of clones of

Microtech knives bearing Microtech's trademark            are likely to cause confusion or

mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

381. Microtech has not authorized Defendants to use Microtech's trademark            .

382.    Defendants intentionally incorporated Microtech's trademark _____ into the

website www.Gunbroker.com to benefit from the excellent reputation Microtech has established

as a quality provider of knives under Microtech's trademark _____ .

383.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of

Microtech knives bearing Microtech's trademark _____ constitute infringement of Microtech's

trademark _____ in violation of 15 U.S.C. Section 1114 and the common law.

384.    Defendant Outdoors Online, LLC contributes to infringement of Microtech's

trademark _____ in violation of 15 U.S.C. Section 1114 and the common law by knowingly

allowing Defendant Jon Janecek and others to advertise and sell through the website

www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark _____ .

385.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of

Microtech knives bearing Microtech's trademark _____ constitute counterfeiting of

Microtech's trademark _____ in violation of 15 U.S.C. Section 1114 and the common law.

386.    Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's

trademark _____ in violation of 15 U.S.C. Section 1114 and the common law by knowingly

allowing Defendant Jon Janecek and others to advertise and sell through the website

www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark .

387. Defendants' infringement and counterfeiting as described above were intentional

and with knowledge of Microtech's ownership of the trademark .

388. Defendants' infringement and counterfeiting as described above have directly and

proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to

Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue

from Microtech, and confusing members of the public as to an affiliation between Microtech and

Defendants.

389. Microtech will continue to be damaged as a direct and proximate result of

Defendants' infringement and counterfeiting as described above unless and until Defendants are

enjoined from further depiction of the trademark in connection with knives.

**Fifteenth Cause of Action: Infringement and Counterfeiting of** **Trademark, U.S.
Registration 5,145,719**

390. Microtech incorporates by reference the preceding allegations as if repeated here

verbatim.

391. Microtech has continuously sold knives under the trademark since at least

December 30, 1994.

392. Microtech's continuous use of the trademark has been substantially exclusive since December 30, 1994.

393. Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark .

394. The trademark identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

395. Microtech is the owner of all rights, title, and interest in the trademark .

396. On July 1, 2016, Microtech filed an application to register its rights in the trademark with the U.S. Patent and Trademark Office.

397. The U.S. Patent and Trademark Office examined the application to register the trademark and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

398. Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 5,145,719 for the trademark for use with diving knives, fixed blade knives, hunting knives, kitchen knives, pocket knives, sport knives, and working knives, as shown in Exhibit 15, which is incorporated herein in its entirety.

399.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,145,719



constitutes prima facie evidence of the validity of the trademark     .

400.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,145,719



constitutes prima facie evidence of Microtech's ownership of the trademark     .

401.     Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,145,719



constitutes prima facie evidence of Microtech's exclusive right to use the trademark     in

commerce in connection with goods listed in the registration.

402.     U.S. Trademark Registration Number 5,145,719 for the trademark     for use

with the goods listed in the registration, as shown in Exhibit 15, is incontestable pursuant to 15

U.S.C. Section 1065.

403.     Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com

clones of Microtech knives bearing Microtech's trademark     , as shown in the example

below.

« Home  /  All  /  Knives & Swords  /  Automatic Knives



404.    The clones of Microtech knives bearing Microtech's trademark ⬤ that

Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially

identical in appearance to the knives that Microtech sells under Microtech's trademark ⬤,

as shown in the example below.

 

405.    Defendant Jon Janecek has sold and distributed to Microtech clones of Microtech knives bearing Microtech's trademark .

406.    Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark .

407.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

408.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark are likely to cause confusion or mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

409.    Microtech has not authorized Defendants to use Microtech's trademark .

410.    Defendants intentionally incorporated Microtech's trademark into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark .

411.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark constitute infringement of Microtech's trademark in violation of 15 U.S.C. Section 1114 and the common law.

412.    Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark .

413.    Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark constitute counterfeiting of Microtech's trademark in violation of 15 U.S.C. Section 1114 and the common law.

414.    Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark in violation of 15 U.S.C. Section 1114 and the common law by knowingly

allowing Defendant Jon Janecek and others to advertise and sell through the website

www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark .

415. Defendants' infringement and counterfeiting as described above were intentional

and with knowledge of Microtech's ownership of the trademark .

416. Defendants' infringement and counterfeiting as described above have directly and

proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to

Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue

from Microtech, and confusing members of the public as to an affiliation between Microtech and

Defendants.

417. Microtech will continue to be damaged as a direct and proximate result of

Defendants' infringement and counterfeiting as described above unless and until Defendants are

enjoined from further depiction of the trademark in connection with knives.

**<u>Sixteenth Cause of Action: Infringement and Counterfeiting of UTX-70 Trademark, U.S.</u>**
**<u>Registration 4,936,463</u>**

418. Microtech incorporates by reference the preceding allegations as if repeated here

verbatim.

419. Microtech has continuously sold knives under the trademark UTX-70 since at

least June 6, 2002.

420. Microtech's continuous use of the trademark UTX-70 has been substantially

exclusive since June 6, 2002.

421. Wholesale and retail customers identify and associate Microtech as the source of

knives sold under the trademark UTX-70.

422.    The trademark UTX-70 identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

423.    Microtech is the owner of all rights, title, and interest in the trademark UTX-70.

424.    On September 2, 2015, Microtech filed an application to register its rights in the trademark UTX-70 with the U.S. Patent and Trademark Office.

425.    The U.S. Patent and Trademark Office examined the application to register the trademark UTX-70 and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

426.    Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 4,936,463 for the trademark UTX-70 for use with knives, pocket knives, side arms, not including firearms, namely hunting knives, sport knives, utility knives, and working knives, as shown in Exhibit 16, which is incorporated herein in its entirety.

427.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 4,936,463 constitutes prima facie evidence of the validity of the trademark UTX-70.

428.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 4,936,463 constitutes prima facie evidence of Microtech's ownership of the trademark UTX-70.

429.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 4,936,463 constitutes prima facie evidence of Microtech's exclusive right to use the trademark UTX-70 in commerce in connection with goods listed in the registration.

430.    U.S. Trademark Registration Number 4,936,463 for the trademark UTX-70 for use with the goods listed in the registration, as shown in Exhibit 16, is incontestable pursuant to 15 U.S.C. Section 1065.

431.    Defendant Outdoors Online, LLC knowingly allows other companies to advertise for sale on the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark UTX-70, as shown in the example below.



Microtech UTX70 Mini Twin Peaks Outdoor Camping Knife Clone

432.    The clones of Microtech knives bearing Microtech's trademark UTX-70 that are advertised for sale on the website www.Gunbroker.com are substantially identical in appearance to the knives that Microtech sells under Microtech's trademark UTX-70, as shown in the example below.



433.    The advertisements, sales, and distribution of clones of Microtech knives bearing
Microtech's trademark UTX-70 are likely to cause confusion or mistake among consumers as to
the source or origin of the cloned knives.

434.    The advertisements, sales, and distribution of clones of Microtech knives bearing
Microtech's trademark UTX-70 are likely to cause confusion or mistake among consumers as to
an affiliation between the seller and Microtech.

435.    Microtech has not authorized Defendant Outdoors Online, LLC to use
Microtech's trademark UTX-70.

436.    Defendant Outdoors Online, LLC intentionally incorporated Microtech's
trademark UTX-70 into the website www.Gunbroker.com to benefit from the excellent
reputation Microtech has established as a quality provider of knives under Microtech's trademark
UTX-70.

437.    The advertisements, sales, and distribution of clones of Microtech knives bearing
Microtech's trademark UTX-70 constitute infringement of Microtech's trademark UTX-70 in
violation of 15 U.S.C. Section 1114 and the common law.

438.    Defendant Outdoors Online, LLC contributes to infringement of Microtech's
trademark UTX-70 in violation of 15 U.S.C. Section 1114 and the common law by knowingly

allowing other companies to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark UTX-70.

439.     The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark UTX-70 constitute counterfeiting of Microtech's trademark UTX-70 in violation of 15 U.S.C. Section 1114 and the common law.

440.     Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark UTX-70 in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing other companies to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark UTX-70.

441.     Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark UTX-70.

442.     Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

443.     Microtech will continue to be damaged as a direct and proximate result of Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above unless and until Defendant Outdoors Online, LLC is enjoined from further depiction of the trademark UTX-70 in connection with knives.



**Seventeenth Cause of Action:  Infringement and Counterfeiting of  Trademark, U.S. Registration 3,211,123**

444.    Microtech incorporates by reference the preceding allegations as if repeated here verbatim.



445.    Microtech has continuously sold knives under the trademark  since at least December 31, 1996.



446.    Microtech's continuous use of the trademark  has been substantially exclusive since December 31, 1996.

447.    Wholesale and retail customers identify and associate Microtech as the source of



knives sold under the trademark  .



448.    The trademark  identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

449.    Microtech is the owner of all rights, title, and interest in the trademark  .

450.    On April 18, 2006, Microtech filed an application to register its rights in the



trademark    with the U.S. Patent and Trademark Office.

451.    The U.S. Patent and Trademark Office examined the application to register the



trademark    and determined that the trademark met all of the statutory requirements for

registration on the Principal Register as a distinctive identifier of the source of knives provided

under the trademark.

452.    Microtech is the owner of all rights, title, and interest in U.S. Trademark



Registration 3,211,123 for the trademark    for use with hand knives, fixed blade hand knives,

and side arms namely hand knives, as shown in Exhibit 17, which is incorporated herein in its

entirety.

453.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 3,211,123



constitutes prima facie evidence of the validity of the trademark    .

454.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 3,211,123



constitutes prima facie evidence of Microtech's ownership of the trademark    .

455. Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 3,211,123



constitutes prima facie evidence of Microtech's exclusive right to use the trademark   in

commerce in connection with goods listed in the registration.

456. U.S. Trademark Registration Number 3,211,123 for the trademark   for use

with the goods listed in the registration, as shown in Exhibit 17, is incontestable pursuant to 15

U.S.C. Section 1065.

457. Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com

clones of Microtech knives bearing Microtech's trademark   , as shown in the example below.

3/8/23, 11:41 AM     Microtech Combat Troodon Clone OTF Hellhound Automatic Knife (3.8" Satin) - Automatic Knives at GunBroker.com : 953648106

Microtech Combat Troodon Clone OTF Hellhound Automatic Knife (3.8" Satin)

jon-tex   A+(2025)

458. The clones of Microtech knives bearing Microtech's trademark  that

Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially

identical in appearance to the knives that Microtech sells under Microtech's trademark , as

shown in the example below.



459. Defendant Jon Janecek has sold and distributed to Microtech a clone of a



Microtech knife bearing Microtech's trademark .

460.     Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek and others to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark  .

461.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark  are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

462.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark  are likely to cause confusion or mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

463.     Microtech has not authorized Defendants to use Microtech's trademark  .

464.     Defendants intentionally incorporated Microtech's trademark  into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark  .

465.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of



Microtech knives bearing Microtech's trademark  constitute infringement of Microtech's



trademark  in violation of 15 U.S.C. Section 1114 and the common law.

466.     Defendant Outdoors Online, LLC contributes to infringement of Microtech's



trademark  in violation of 15 U.S.C. Section 1114 and the common law by knowingly

allowing Defendant Jon Janecek and others to advertise and sell through the website



www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark  .

467.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of



Microtech knives bearing Microtech's trademark  constitute counterfeiting of Microtech's



trademark  in violation of 15 U.S.C. Section 1114 and the common law.

468.     Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's



trademark  in violation of 15 U.S.C. Section 1114 and the common law by knowingly

allowing Defendant Jon Janecek and others to advertise and sell through the website

www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark  .

469.   Defendants' infringement and counterfeiting as described above were intentional

and with knowledge of Microtech's ownership of the trademark  .

470.   Defendants' infringement and counterfeiting as described above have directly and

proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to

Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue

from Microtech, and confusing members of the public as to an affiliation between Microtech and

Defendants.

471.   Microtech will continue to be damaged as a direct and proximate result of

Defendants' infringement and counterfeiting as described above unless and until Defendants are

enjoined from further depiction of the trademark  in connection with knives.

**Eighteenth Cause of Action:  Infringement and Counterfeiting of SCARAB Trademark,
U.S. Registration 3,043,917**

472.   Microtech incorporates by reference the preceding allegations as if repeated here

verbatim.

473.   Microtech has continuously sold knives under the trademark SCARAB since at

least June 1, 2001.

474.   Microtech's continuous use of the trademark SCARAB has been substantially

exclusive since June 1, 2001.

475.    Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark SCARAB.

476.    The trademark SCARAB identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

477.    Microtech is the owner of all rights, title, and interest in the trademark SCARAB.

478.    On October 12, 2004, Microtech filed an application to register its rights in the trademark SCARAB with the U.S. Patent and Trademark Office.

479.    The U.S. Patent and Trademark Office examined the application to register the trademark SCARAB and determined that the trademark met all of the statutory requirements for registration on the Principal Register as a distinctive identifier of the source of knives provided under the trademark.

480.    Microtech is the owner of all rights, title, and interest in U.S. Trademark Registration 3,043,917 for the trademark SCARAB for use with cutlery, as shown in Exhibit 18, which is incorporated herein in its entirety.

481.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 3,043,917 constitutes prima facie evidence of the validity of the trademark SCARAB.

482.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 3,043,917 constitutes prima facie evidence of Microtech's ownership of the trademark SCARAB.

483.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 3,043,917 constitutes prima facie evidence of Microtech's exclusive right to use the trademark SCARAB in commerce in connection with goods listed in the registration.

484. U.S. Trademark Registration Number 3,043,917 for the trademark SCARAB for use with the goods listed in the registration, as shown in Exhibit 18, is incontestable pursuant to 15 U.S.C. Section 1065.

485. Defendant Outdoors Online, LLC knowingly allows other companies to advertise for sale on the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark SCARAB, as shown in the example below.

2/13/23, 2:29 PM                    Microtech Scarab 3.25" Dagger Clone w/ Case, and Box NOS - Automatic Knives at GunBroker.com : 962622322

« Home  /  All  /  Knives & Swords  /  Automatic Knives



486. The clones of Microtech knives bearing Microtech's trademark SCARAB that are advertised for sale on the website www.Gunbroker.com are substantially identical in appearance to the knives that Microtech sells under Microtech's trademark SCARAB, as shown in the example below.



487.    The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark SCARAB are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

488.    The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark SCARAB are likely to cause confusion or mistake among consumers as to an affiliation between the seller and Microtech.

489.    Microtech has not authorized Defendant Outdoors Online, LLC to use Microtech's trademark SCARAB.

490.    Defendant Outdoors Online, LLC intentionally incorporated Microtech's trademark SCARAB into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark SCARAB.

491.    The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark SCARAB constitute infringement of Microtech's trademark SCARAB in violation of 15 U.S.C. Section 1114 and the common law.

492.	Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark SCARAB in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing other companies to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark SCARAB.

493.	The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark SCARAB constitute counterfeiting of Microtech's trademark SCARAB in violation of 15 U.S.C. Section 1114 and the common law.

494.	Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark SCARAB in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing other companies to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark SCARAB.

495.	Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark SCARAB.

496.	Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

497.	Microtech will continue to be damaged as a direct and proximate result of Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above unless and until Defendant Outdoors Online, LLC is enjoined from further depiction of the trademark SCARAB in connection with knives.

**Nineteenth Cause of Action:  Infringement and Counterfeiting of CYPHER Trademark,
U.S. Registration 5,370,205**

498.    Microtech incorporates by reference the preceding allegations as if repeated here

verbatim.

499.    Microtech has continuously sold knives under the trademark CYPHER since at

least September 6, 2016.

500.    Microtech's continuous use of the trademark CYPHER has been substantially

exclusive since September 6, 2016.

501.    Wholesale and retail customers identify and associate Microtech as the source of

knives sold under the trademark CYPHER.

502.    The trademark CYPHER identifies quality knives, is recognized by the

consuming public, and generates significant goodwill that inures to Microtech.

503.    Microtech is the owner of all rights, title, and interest in the trademark CYPHER.

504.    On August 3, 2017, Microtech filed an application to register its rights in the

trademark CYPHER with the U.S. Patent and Trademark Office.

505.    The U.S. Patent and Trademark Office examined the application to register the

trademark CYPHER and determined that the trademark met all of the statutory requirements for

registration on the Principal Register as a distinctive identifier of the source of knives provided

under the trademark.

506.    Microtech is the owner of all rights, title, and interest in U.S. Trademark

Registration 5,370,205 for the trademark CYPHER for use with fixed blade knives, folding

knives, pocket knives, side arms, not including firearms, namely hunting knives, and sport

knives, as shown in Exhibit 19, which is incorporated herein in its entirety.

507.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,370,205 constitutes prima facie evidence of the validity of the trademark CYPHER.

508.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,370,205 constitutes prima facie evidence of Microtech's ownership of the trademark CYPHER.

509.    Pursuant to 15 U.S.C. § 1057(b), U.S. Trademark Registration 5,370,205 constitutes prima facie evidence of Microtech's exclusive right to use the trademark CYPHER in commerce in connection with goods listed in the registration.

510.    U.S. Trademark Registration Number 5,370,205 for the trademark CYPHER for use with the goods listed in the registration, as shown in Exhibit 19, is incontestable pursuant to 15 U.S.C. Section 1065.

511.    Defendant Outdoors Online, LLC knowingly allows other companies to advertise for sale on the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark CYPHER, as shown in the example below.



I have a Vespa made cypher clone otf .This is a high end OTF made with premium materials .This has a m390 tanto  blade with carbon fiber inlay and 7075 cnc aluminum handles and tc4 titanium switch along with titanium 3d milled pocket clip .This is about the same specs as the microtech cypher series ,.Vespa uses verified m390 steel .Thr you tuber LUV THEM KNIVES had tested Vespa knives and ther were verified real m390

512. The clones of Microtech knives bearing Microtech's trademark CYPHER that are advertised for sale on the website www.Gunbroker.com are substantially identical in appearance to the knives that Microtech sells under Microtech's trademark CYPHER, as shown in the example below.



513. The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark CYPHER are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

514. The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark CYPHER are likely to cause confusion or mistake among consumers as to an affiliation between the seller and Microtech.

515. Microtech has not authorized Defendant Outdoors Online, LLC to use Microtech's trademark CYPHER.

516. Defendant Outdoors Online, LLC intentionally incorporated Microtech's trademark CYPHER into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark CYPHER.

517. The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark CYPHER constitute infringement of Microtech's trademark CYPHER in violation of 15 U.S.C. Section 1114 and the common law.

518. Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark CYPHER in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing other companies to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark CYPHER.

519. The advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark CYPHER constitute counterfeiting of Microtech's trademark CYPHER in violation of 15 U.S.C. Section 1114 and the common law.

520. Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark CYPHER in violation of 15 U.S.C. Section 1114 and the common law by knowingly allowing other companies to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark CYPHER.

521. Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark CYPHER.

522. Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

523. Microtech will continue to be damaged as a direct and proximate result of Defendant Outdoors Online, LLC's contributory infringement and counterfeiting as described above unless and until Defendant Outdoors Online, LLC is enjoined from further depiction of the trademark CYPHER in connection with knives.

**Twentieth Cause of Action: Infringement and Counterfeiting of GLYKON Trademark**

524. Microtech incorporates by reference the preceding allegations as if repeated here verbatim.

525. Microtech has continuously sold knives under the trademark GLYKON since at least June 15, 2022.

526. Microtech's continuous use of the trademark GLYKON has been substantially exclusive since June 15, 2022.

527. Wholesale and retail customers identify and associate Microtech as the source of knives sold under the trademark GLYKON.

528. The trademark GLYKON identifies quality knives, is recognized by the consuming public, and generates significant goodwill that inures to Microtech.

529. Microtech is the owner of all rights, title, and interest in the trademark GLYKON.

530. On June 6, 2022, Microtech filed an application to register its rights in the trademark GLYKON for pocket knives with the U.S. Patent and Trademark Office.

531. Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark GLYKON, as shown in the example below.

3/8/23, 1:57 PM                    Microtech Glykon D/E Clone OTF Automatic Knife Switchblade - Automatic Knives at GunBroker.com : 974353225

« Home  /  All  /  Knives & Swords  /  Automatic Knives





Microtech Glykon D/E Clone OTF Automatic Knife Switchblade

jon-tex  A+(2025)

532.    The clones of Microtech knives bearing Microtech's trademark GLYKON that

Defendant Jon Janecek advertises for sale on the website www.Gunbroker.com are substantially

identical in appearance to the knives that Microtech sells under Microtech's trademark GLYKON, as shown in the example below.

**Microtech Glykon D/E OTF Automatic Knife Black Aluminum + Ti (3.75" Stonewash)**



533.     Defendant Jon Janecek sells and distributes clones of Microtech knives bearing Microtech's trademark GLYKON.

534.     Defendant Outdoors Online, LLC knowingly allows Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark GLYKON.

535.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark GLYKON are likely to cause confusion or mistake among consumers as to the source or origin of the cloned knives.

536.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark GLYKON are likely to cause confusion or mistake among consumers as to an affiliation between Defendant Jon Janecek and Microtech.

537.     Microtech has not authorized Defendants to use Microtech's trademark GLYKON.

538.     Defendants intentionally incorporated Microtech's trademark GLYKON into the website www.Gunbroker.com to benefit from the excellent reputation Microtech has established as a quality provider of knives under Microtech's trademark GLYKON.

539.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark GLYKON constitute infringement of Microtech's trademark HERA in violation of the common law.

540.     Defendant Outdoors Online, LLC contributes to infringement of Microtech's trademark GLYKON in violation of the common law by knowingly allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark GLYKON.

541.     Defendant Jon Janecek's advertisements, sales, and distribution of clones of Microtech knives bearing Microtech's trademark GLYKON constitute counterfeiting of Microtech's trademark GLYKON in violation of the common law.

542.     Defendant Outdoors Online, LLC contributes to counterfeiting of Microtech's trademark GLYKON in violation of the common law by knowingly allowing Defendant Jon Janecek to advertise and sell through the website www.Gunbroker.com clones of Microtech knives bearing Microtech's trademark GLYKON.

543.     Defendants' infringement and counterfeiting as described above were intentional and with knowledge of Microtech's ownership of the trademark GLYKON.

544.     Defendants' infringement and counterfeiting as described above have directly and proximately damaged Microtech by, *inter alia*, diverting customers from Microtech to

Defendants, damaging Microtech's reputation as a quality provider of knives, diverting revenue from Microtech, and confusing members of the public as to an affiliation between Microtech and Defendants.

545.     Microtech will continue to be damaged as a direct and proximate result of Defendants' infringement and counterfeiting as described above unless and until Defendants are enjoined from further depiction of the trademark GLYKON in connection with knives.

### Request for Relief

Wherefore, Plaintiff Microtech Knives, Inc. respectfully requests the entry of judgment against Defendants Outdoors Online, LLC and Jon Janecek providing the following relief:

(A)     finding that Defendants Outdoors Online, LLC and Jon Janecek have infringed the asserted trademarks under 15 U.S.C. Section 1114 and the common law;

(B)     finding that Defendants Outdoors Online, LLC and Jon Janecek have counterfeited the asserted trademarks under 15 U.S.C. Section 1114 and the common law;

(C)     enjoining Defendants Outdoors Online, LLC and Jon Janecek from further depiction of the asserted trademarks in connection with knives;

(D)     ordering Defendants Outdoors Online, LLC and Jon Janecek to deliver to Plaintiff Microtech Knives, Inc. for destruction all advertisements, materials, and products that include the asserted trademarks;

(E)     awarding Plaintiff Microtech Knives, Inc. any profits obtained by Defendants Outdoors Online, LLC and Jon Janecek associated with the acts described herein;

(F)     awarding Plaintiff Microtech Knives, Inc. damages caused by Defendants' acts described herein;

(G)     trebling any damages awarded to Plaintiff Microtech Knives, Inc. pursuant to 15

U.S.C. Section 1117(b);

(H)     awarding Plaintiff Microtech Knives, Inc. statutory damages pursuant to 15

U.S.C. Section 1117(c);

(I)     awarding Plaintiff Microtech Knives, Inc. costs, expenses, and reasonable

attorneys' fees as permitted by 15 U.S.C. Section 1117;

(J)     awarding Plaintiff Microtech Knives, Inc. pre-judgment interest; and

(K)     granting such other and further relief as is just and proper.

JURY DEMAND:  Plaintiff Microtech Knives, Inc. demands a trial by jury on all issues

triable to a jury.


*Signature Page Follows.*

Respectfully submitted,

s/Adam C. Bach
Adam C. Bach (#45730)
TONNSEN BACH LLC
1306 South Church Street
Greenville, South Carolina 29605
Telephone: (864) 236-5013
Facsimile: (864) 312-4191
*abach@tonnsenbach.com*

-and-

Steven R. LeBlanc (D.S.C. #7000)
Steve LeBlanc, LLC
P.O. Box 9198
Greenville, South Carolina 29604
Tel: (864) 902-4411
*Steve@LeBlancLLC.com*

*Pro Hac Vice Application to be filed*

R. Hudson Smith (D.S.C. #12381)
TONNSEN BACH LLC
1306 South Church Street
Greenville, South Carolina 29605
Telephone: (864) 236-5013
Facsimile: (864) 312-4191
*hsmith@tonnsenbach.com*

*Pro Hac Vice Application to be filed*

***Attorneys for Plaintiff Microtech Knives, Inc.***

March 22, 2023

Greenville, SC